

Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001
www.tarterkrinsky.com

Jane B. Jacobs, Partner
212.574.0330 Direct Dial
jjacobs@tarterkrinsky.com

April 6, 2023

**Via ECF**
The Honorable Judge Gregory H. Woods III
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    **Filomeno Gaylan v. Maersk Line, Limited, Case 1:23-cv-02501-GHW-JLC**

Dear Judge Woods,

    This firm represents Maersk Line, Ltd. ("Maersk") in connection with Plaintiff Gaylan's claim for "Wrongful Termination without Cause". (*See* Complaint, ECF Doc. No. 1, ¶¶ 24-27.) Pursuant to the Court's Individual Rules of Practice, paragraph 2(C)(i), Maersk requests a pre-motion conference in anticipation of making a motion pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(6) to dismiss the Complaint.

    Until February 2, 2022, Plaintiff was the Chief Engineer aboard the ALLIANCE FAIRFAX, a Maersk cargo ship. He was a member of the Marine Engineers Beneficial Association ("MEBA".) (*See* Complaint, ECF Doc. No. 1, ¶1, ¶18, and Exhibit 1.) The collective bargaining agreement between Maersk and MEBA requires "just cause" for discharge and contains a grievance-arbitration provision. In this action filed against Maersk (only), Plaintiff seeks to enforce the just cause provisions of the MEBA contract. (*Id*. at ¶¶ 21-27.) The foregoing is based solely on the allegations of the Complaint.

    Claims by an employee against an employer for a purported breach of a collective bargaining agreement are pre-empted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985); *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 562 (1962). If an employee's claim requires analysis of the terms of the collective bargaining agreement, it is pre-empted by Section 301. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 409 (1988). Plaintiff explicitly claims that he was a "for cause" employee because of the "just cause" provisions of the collective bargaining agreement, and that he is seeking to enforce the just cause provision in this Action. *See* Complaint, ECF Doc. No. 1, p. 5, n.2, ¶¶ 22 and 26.) That is the sole basis of his claim.

Employees seeking to enforce rights under a collective bargaining agreement can do so only in a "hybrid" Section 301 action against both the employer and the union. More specifically, an employee-plaintiff must show both that an employer violated the labor agreement and that his or her union breached its duty of fair representation. *DelCostello v. Int'l Broth. of Teamsters*, 462 U.S. 151, 163-64 (1983); *Lever v. Entergy Nuclear Operations, Inc.*, 2016 WL 1627619 at *4. Plaintiff cannot proceed only against his employer. *Goodman v. Local 804, Union of the Int'l Broth. of Teamsters*, 2022 WL 4586309 at *5. For this reason alone, the Complaint should be dismissed.

Further, the statute of limitations for hybrid Section 301 actions is six months.[1] *DelCostello,* 462 U.S. at 171-72. Where, as here, the employee-plaintiff only files a claim against his or her employer, the statute of limitations begins to run from the termination date. *Lever v. Entergy Nuclear Operations, Inc.*, 2016 WL 1627619 at *6. In this case, Plaintiff alleges that he was terminated on February 2, 2022. (Complaint, ECF Doc. No. 1, ¶18.) This action was filed on March 24, 2023, almost fourteen months later. It is untimely and should be dismissed on this basis as well.

For these reasons, Maersk respectfully asks for leave to file an FRCP 12(b)(6) motion to dismiss this Complaint.

Very truly yours,

**TARTER KRINSKY & DROGIN LLP**

By: _____
Jane B. Jacobs

cc: Counsel of Record (Via ECF)

---

[1] This is a hybrid Section 301 action even though Plaintiff filed only against the Employer. *Lever v. Entergy Nuclear Operations, Inc.*, 2016 WL 1627619 at *6.